IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERARD CONWAY, Individually, <br><br> Plaintiff, <br><br> v. <br><br> PROMANAGE, LLC, and ANTHONY SABOS, <br><br> Defendants. | Case No. 1:22-cv-06774 |

## COMPLAINT

Plaintiff Gerard Conway ("Plaintiff") for his Complaint against Defendants ProManage, LLC ("ProManage") and Anthony Sabos ("Sabos"), states as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.* to recover unpaid minimum wages and overtime compensation and for other relief.

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331.

3. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's IMWL claims pursuant to 28 U.S.C. § 1367.

5. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

6. Defendants employed Gerard Conway as a Senior Consultant from July 2018 until May 2022.

7. At all relevant times, ProManage was an "employer" as defined under the FLSA and IMWL.

8. Defendant Anthony Sabos was at all relevant times ProManage's Chief Executive Officer. At all relevant times, Sabos exercised operational control over ProManage, controlled significant business functions of ProManage, determined employee salaries, including Plaintiff's, made hiring decisions, and acted on behalf of and in the interest of ProManage in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Sabos was an "employer" as defined under the FLSA and IMWL.

## FACTS

9. ProManage owns and operates an investment advisory company headquartered in Chicago, Illinois.

10. During the statutory period, Plaintiff worked from his home office in Stratford, Connecticut while employed by Defendants.

11. At all relevant times, Plaintiff was misclassified by the Defendants as exempt under the FLSA and IMWL.

12. Plaintiff's primary duties were to sell Defendants' products.

13. Defendants managed Plaintiff's time, including the amount of overtime he worked. Defendants dictated, controlled, and ratified the wage and hour policy and the compensation policy for Plaintiff.

14. On average, Plaintiff worked approximately 80 hours per week each week of his employment with Defendants but was never paid an overtime premium for any time worked in excess of 40 hours in any given workweek.

15. Defendants paid Plaintiff $455 per week for all workweeks in 2020.

16. Because Plaintiff worked on average 80 hours per week, Defendants failed to pay Plaintiff the minimum wage each week.

17. Defendants failed to pay Plaintiff a weekly salary of at least $684.00 per week each week of his employment during 2020.

18. During 2020, Defendants failed to pay Plaintiff overtime pay for the hours he worked in excess of 40 per week. Defendants' failure to pay the required overtime occurred each workweek of Plaintiff's employment.

19. Defendants paid Plaintiff $477.75 per week for all workweeks in 2021 and 2022.

20. Because Plaintiff worked on average 80 hours per week, Defendants failed to pay Plaintiff the minimum wage each week.

21. Defendants failed to pay Plaintiff a weekly salary of at least $684.00 per week each workweek of his employment during 2021 and 2022.

22. During 2021 and 2022, Defendants failed to pay Plaintiff overtime pay for the hours he worked in excess of 40 per week. Defendants' failure to pay the required overtime occurred each workweek of Plaintiff's employment.

23. Throughout Plaintiff's employment, Defendants failed to make and maintain accurate records of time worked by Plaintiff in violation of the FLSA and IMWL.

**GENERAL ALLEGATIONS**

24. Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

25. Plaintiff brings this action under the FLSA and IMWL to recover, *inter alia*, unpaid minimum wages and overtime compensation and statutory penalties owed to Plaintiff.

26. Defendants' practice of failing to pay Plaintiff minimum wages and/or overtime compensation when he worked in excess of 40 hours per week has violated the FLSA and IMWL.

27. Defendants have failed to pay minimum wages and/or overtime wages to Plaintiff during his employment by intentionally, willfully, and improperly designating his position as exempt from overtime requirements.

28. As a result of this unlawful practice, Plaintiff suffered a loss of wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
## 29 U.S.C. §201 ET SEQ.
## FAILURE TO PAY MINIMUM WAGES

29. Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

30. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §207(a)(1).

31. Defendants routinely and regularly failed to pay Plaintiff the applicable minimum hourly wage, in violation of 29 U.S.C. §206(a). As a result of Defendants' unlawful practices, Plaintiff suffered a loss of wages.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
## 29 U.S.C. §201 ET SEQ.
## FAILURE TO PAY OVERTIME

32. Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

33. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §207(a)(1).

34. Defendant ProManage is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

35. Defendant Sabos is subject to the overtime pay requirements of the FLSA as an "employer." 29 U.S.C. §203(d).

36. At all times material to this action, Plaintiff has been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. §207, *et. seq.*

37. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

38. By the above-alleged conduct, Defendants violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

39. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime pay requirements set forth in Section 207(a)(1) of the FLSA, 29 U.S.C. §207(a)(1) of the FLSA. None of the FLSA's overtime exemptions apply to Plaintiff because, *inter alia*, Defendants did not pay a guaranteed salary of at least $684.00 a week and have not otherwise met the requirements for coverage under any exemptions.

40. In the course of perpetrating these unlawful practices, Defendants have willfully failed to keep accurate records of all hours worked by Plaintiff.

41. Defendants have acted willfully and have known or shown reckless disregard over whether their conduct has violated the FLSA, and have not acted in good faith with respect to the conduct alleged herein.

## COUNT III
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
## 820 ILCS 105/1 ET SEQ.
## FAILURE TO PAY MINIMUM WAGES

42. Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

43. The IMWL, 820 ILCS § 105, *et seq.*, requires employers to pay employees minimum wages for all hours worked.

44. Throughout the relevant period, Section 8 of the IMWL required Defendants to keep "true and accurate records of… the rate of pay, and the amount paid each pay period to each employee [and] the hours worked each day in each work week by each employee…." *See* 820 ILCS § 105/8.

45. Defendants violated the IMWL by regularly failing to properly pay Plaintiff minimum wages to Plaintiff.

46. Plaintiff has been harmed as a direct and proximate result of the unlawful conduct described here, because he has been deprived of minimum wages for work he performed and from which Defendants derived a direct and substantial benefit.

## COUNT IV
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
## 820 ILCS 105/1 ET SEQ.
## FAILURE TO PAY OVERTIME WAGES

47. Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

6

48. IMWL Section 4(a) requires employers to pay an employee overtime compensation of "not less than 1½ times the regular rate at which he is employed" for all hours worked over 40 in a given workweek. *See* 820 ILCS § 105(4a).

49. Under the IMWL, overtime is calculated based on the number of hours worked in a "workweek." *See* 820 ILCS § 105(4a).

50. Throughout the relevant period, Section 8 of the IMWL required Defendants to keep "true and accurate records of… the rate of pay, and the amount paid each pay period to each employee [and] the hours worked each day in each work week by each employee…." *See* 820 ILCS § 105/8.

51. Defendants violated the IMWL by regularly failing to pay Plaintiff any overtime premium for his time worked in excess of 40 hours in any given workweek.

52. Plaintiff has been harmed as a direct and proximate result of the unlawful conduct described here, because he has been deprived of overtime premium wages owed for overtime-eligible work he performed and from which Defendants derived a direct and substantial benefit.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in favor of Plaintiff, for a sum that will properly, adequately and completely compensate Plaintiff for the nature, extent and duration of his damages, the costs of this action and as follows:

A. Declare and find that the Defendants committed one or more of the following acts:

    1. Willfully violated the minimum wage and overtime provisions of the FLSA; and,
    2. Violated the minimum wage and overtime provisions of the IMWL

B. Award compensatory damages, including all minimum wage and overtime compensation owed, in an amount according to proof;

C. Award liquidated damages;

7

D.     Award treble damages on the unpaid overtime compensation found due under the IMWL;

E.     Award 5% per month interest on all compensation due accruing from the date such amounts were due until it is paid under the IMWL;

F.     Award all costs and reasonable attorney's fees incurred in prosecuting this action; and,

J.     Provide such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury.

December 2, 2022                Respectfully Submitted,

*/s/ James B. Zouras*
James B. Zouras
Mohammed A. Rathur
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
jzouras@stephanzouras.com
mrathur@stephanzouras.com
Firm ID: 43734

Erik H. Langeland
*Pro Hac Vice* Pending
733 Third Avenue, 16 Floor
New York, NY 10017
(212) 354-6270
(646) 650-2782 fax
elangeland@langelandlaw.com

## **CERTIFICATE OF SERVICE**

  I, the attorney, hereby certify that on December 2, 2022, I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

                           _/s/ James B. Zouras_